# In the United States Court of Federal Claims

No. 24-550
Filed: May 17, 2024

**KEVIN WILLIAM CASSADAY,**

    *Plaintiff,*

v.

**THE UNITED STATES,**

    *Defendant.*

### ORDER

    To proceed in this Court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or request authorization to proceed without prepayment of fees by submitting a signed application to proceed in forma pauperis ("IFP application"). *See* 28 U.S.C. §§ 1914, 1915. Pro se Plaintiff, Kevin William Cassaday ("Cassaday"), failed to do either. Accordingly, on April 11, 2024, the Court notified Cassaday that his filing fee had not been received and directed him to either pay the fee or submit a signed application. (ECF No. 4). On April 23, the Court also ordered Cassaday to correct these defects by May 10. (ECF No. 5). Cassaday failed to comply.[1] Therefore, the Court **DISMISSES** the Complaint pursuant to RCFC 41(b).

    Even had Cassaday effectively prosecuted this case, his Complaint would be dismissed for lack of subject-matter jurisdiction. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). To proceed, the Court must determine whether it has subject-matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). The Tucker Act grants this Court jurisdiction over claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law

---

[1] The Court notes that Cassaday listed his address as P.O. Box 1002 Thomson, IL 61285; this address corresponds to Federal Correctional Institution ("FCI") Thomson. FCI Thomson, *Federal Bureau of Prisons*, https://www.bop.gov/locations/institutions/tom/ (last visited May 15, 2024). The Court understands that several mailed documents were returned because they were "refused" and "unable to forward." (ECF No. 8). Pursuant to RCFC 5(b)(2)(C), documents are effectively served when mailed to the person's last known address. Further, it is a pro se plaintiff's responsibility to provide the Clerk of Court with the correct address for service within thirty days. *See* RCFC 83.1(b)(5). This suit was initiated thirty-eight days ago on April 8, 2024, and Cassaday has not notified the Court of an address change or correction. Cassaday's disregard of the Court's explicit rules results in the dismissal of his Complaint.

mandating payment of money damages by the United States. 28 U.S.C. § 1491(a)(1). Generally, the Court reads pro se pleadings more liberally than those prepared by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), however, pro se plaintiffs must still meet their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Cassaday's Complaint seeks an unspecified amount of relief and release from "bondage [and] hostile incarceration" for alleged wrongs committed by the Michigan State judicial system. (Compl. at 1–4, ECF No. 1). Specifically, Cassaday alleges his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights have been violated under both the United States and Michigan State Constitutions. (*Id.* at 2). Cassaday continues that a Michigan state judge improperly fined him and blocked his access to the courts, thereby enabling continued "abuse," "robbery," and "trick." (*Id.*). Cassaday further alleges that these violations are because he is Native American and disabled. (*Id.* at 4).

It is well-established that this Court can only hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *e.g. Davis v. United States*, No. 09-862C, 2010 WL 1685907, at *4 (Fed. Cl. Apr. 22, 2010) (determining no subject-matter jurisdiction over claims against State of Michigan or Michigan officials); *see also* RCFC 10(a). Further, this Court does not exercise jurisdiction over nor is it the proper venue to appeal a state court decision. *E.g.*, *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that [Plaintiff] asked the [Court] to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, [this Court] does not have the authority to review such decisions."). Cassaday brings claims against the State of Michigan and a state court judge. (Compl. at 1–4). Because the defendants are not the United States, the Court lacks subject-matter jurisdiction over those claims.

Further, Cassaday argues his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights, were violated. (*Id.* at 2). However, it is well established that those Amendments, including the Fifth and Fourteenth Amendment's Due Process and Equal Protection clauses, are not money-mandating sources that provide this Court with jurisdiction over a plaintiff's claims. *Russell v. United States*, 78 Fed. Cl. 281, 288 (2007) (finding the First Amendment "cannot be construed as a money-mandating source"); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Fourth Amendment does not mandate the payment of money for its violation"); *Allen v. United States*, 546 F. App'x 949, 951 (Fed. Cir. 2013) (Fifth Amendment's Due Process and Equal Protection clauses are not money-mandating); *Hernandez v. United States*, 93 Fed. Cl. 193, 198 (2010) ("The . . . Federal Circuit has held expressly that the Court . . . does not have jurisdiction over claims arising under the Sixth Amendment"); *Trafny v. United States*, 503 F.3d 1339, 1339 (Fed. Cir. 2007) (stating that the Eight Amendment prohibitions are not money-mandating); *Johnson v. United States*, 79 Fed. Cl. 769, 774–75 (2007) ("The United States Court of Federal Claims cannot entertain claims brought under the Thirteenth Amendment because it does not mandate the payment of money damages for its violation."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Fourteenth Amendment's Due Process and Equal Protection clauses not money-mandating). Accordingly, the Court lacks subject-matter jurisdiction over Cassaday's constitutional claims.

When read liberally the Court understands Cassaday to raise tort and civil rights claims. (Compl. at 2, 4). It is also well-established that this Court does not possess subject-matter

2

jurisdiction to review tort claims. U.S.C. § 1491(a)(1); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction [over] claims sounding in tort."). Cassaday's Complaint explicitly alleges several tortious claims—assault and battery, false imprisonment, and theft. (Compl. at 2, 4); *Corker v. United States*, No. 23-1305, 2023 WL 5276315, at *2 (Fed. Cl. Aug. 16, 2023) (finding no jurisdiction over assault, battery, and false imprisonment because tortious acts); *Aljindi v. United States*, No. 2022-1117, 2022 WL 1464476, *2 (Fed. Cir. May 10, 2022) (upholding lack of jurisdiction determination when tortious theft claims). Thus, the Court is without jurisdiction to hear these claims. Similarly, Cassaday's Complaint invokes 42 U.S.C. §§ 1981, 1983, and a liberal reading implicates the Civil Rights Act as a whole. (Compl. at 3). It is established that this Court does not have jurisdiction to consider civil rights claims, as they are exclusively heard by district courts. *Marlin v. United States*, 63 Fed. Cl. 475, 476 (2005). Therefore, this Court lacks subject-matter jurisdiction.

Pursuant to RCFC 41(b), Cassaday's Complaint is **DISMISSED** for failure to (1) remit the appropriate filing fee or fulfill IFP filing requirements; and (2) comply with the Court's Orders and Rules. The Court also notes that it lacks subject-matter jurisdiction over Cassaday's claims. The Clerk **SHALL** enter judgment accordingly.

The Clerk is **DIRECTED TO REJECT** any future submissions in this case unless they comply with this Court's rules regarding post-dismissal submissions. The Court **CLARIFIES** that this provision does not act as an anti-filing injunction or a sanction. *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023) (holding that courts must provide pro se plaintiffs with notice and opportunity to be heard before issuing an anti-filing injunction). Cassaday is not enjoined from proper post-dismissal filings in this case, nor is Cassaday required to seek leave before filing future actions in this Court. *See id.* This provision is a mechanism to reject non-compliant filings in the above-captioned action once it is dismissed.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge